```
 1
 2
 3
 4
 5
 6
 7                        UNITED STATES DISTRICT COURT
 8                       CENTRAL DISTRICT OF CALIFORNIA
 9                              WESTERN DIVISION
10
11   DONALD R. DISON,                  )   No. ED CV 14-01144-PA (VBK)
                                       )
12              Petitioner,            )   ORDER SUMMARILY DISMISSING
                                       )   PETITION FOR WRIT OF HABEAS
13        v.                           )   CORPUS FOR LACK OF SUBJECT MATTER
                                       )   JURISDICTION
14   R. T. C. GROUNDS,                 )
                                       )
15              Respondent.            )
     _____)
16
```

On April 28, 2014, Donald R. Dison (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. §2254," in the United States District Court for the Northern District of California. On June 3, 2014, United States Magistrate Judge Howard R. Lloyd issued an "Order of Transfer."

On June 5, 2014, the Petition was received from the United States District Court for the Northern District of California and filed in the United States District Court for the Central District of California and given Case No. ED CV 14-01144-PA (VBK). Petitioner was convicted by a jury on June 20, 2008, in the Riverside County Superior Court, Case No. RIF135223, of being a felon in possession of a firearm

in violation of California Penal Code ("PC") § 12021(a)(1), discharging a firearm at an inhabited dwelling in violation of PC § 246, and misdemeanor resisting arrest in violation of PC § 148(a)(1). (See Petition at 1-2.) The jury also found true that Petitioner personally used a firearm in violation of PC §§ 667 and 1192.7(c)(8). The trial court sentenced Petitioner to 36 years to life. (Id.) Petitioner raises the following contention in the within Petition: (1) the trial court procedurally erred and violated Petitioner's Sixth Amendment rights under the United States Constitution when it admitted Shaffer's statements to the police officers. (See Petition at 5; attached pages.)

It appears from the face of the petition that it is directed to the same 2008 Riverside County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on September 19, 2012, in Case No. CV 12-01594-PA (VBK).[1] On March 22, 2013, Judgment was entered in Case No. CV 12-01594-PA (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

---

[1] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On September 19, 2012, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 12-01594-PA (VBK). In this Petition, Petitioner raised the following claims: (1) The admission of a witness's statement at trial violated Petitioner's Sixth Amendment right to confrontation; (2) There was insufficient evidence to support Petitioner's convictions; (3) Petitioner was denied due process because the trial court failed to rule on the admission of the witness's statement and on Petitioner's motion for new trial; (4) Ineffective assistance of appellate counsel in the appeal of Petitioner's convictions; and (5) Cumulative errors by trial counsel, the prosecutor, the trial court and appellate counsel. (See Petition at 5-6, 9-10.)

1    The Petition now pending is governed by the provisions of the
2 Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-
3 132, 110 Stat. 1214)("the Act"), which became effective April 24,
4 1996.  Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in
5 pertinent part, as follows:
6         "(2) A claim presented in a second or successive habeas
7     corpus application under section 2254 that was not presented in
8     a prior application shall be dismissed unless--
9            (A)  the applicant shows that the claim relies on a new
10        rule of constitutional law, made retroactive to cases on
11        collateral review by the Supreme Court, that was previously
12        unavailable; or
13           (B)(i)  the factual predicate for the claim could not
14        have been discovered previously through the exercise of due
15        diligence; and
16           (ii)  the facts underlying the claim, if proven and
17        viewed in light of the evidence as a whole, would be
18        sufficient to establish by clear and convincing evidence
19        that, but for constitutional error, no reasonable factfinder
20        would have found the applicant guilty of the underlying
21        offense.
22        (3)(A) <u>Before a second or successive application permitted
23    by this section is filed in the district court, the applicant
24    shall move in the appropriate court of appeals for an order
25    authorizing the district court to consider the application</u>."
26    (Emphasis Added.)
27
28    The Petition now pending constitutes a second and/or successive

petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

For the foregoing reasons, **IT IS ORDERED** that this action be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 21, 2014

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented on
June 17, 2014 by:


_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4